IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. PHILLIPS and MATTHEW PAINTER, | ) |
| | ) CASE NO. |
| Plaintiffs, | ) |
| | ) JUDGE |
| v. | ) |
| | ) **COMPLAINT** |
| CITY OF JEANNETTE, | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

Plaintiffs James J. Phillips ("Phillips") and Matthew Painter ("Painter") (collectively "Plaintiffs") bring this action against Defendant City of Jeannette ("Defendant" or the "City"), and state and allege as follows:

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

4. At all times relevant herein, Phillips was a citizen of the United States and the Commonwealth of Pennsylvania.

5. At all times relevant herein, Painter was a citizen of the United States and the Commonwealth of Pennsylvania.

6. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

7. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

8. Plaintiffs' written consents to join this action pursuant to 29 U.S.C. § 216(b) are being filed contemporaneously.

9. Within the three years preceding the filing of this Complaint, Phillips was employed by the City's Police Department as a Sergeant and K-9 Handler, an hourly, non-exempt position under the FLSA.

10. Within the three years preceding the filing of this Complaint, Painter was employed by the City's Police Department as a Patrolman and K-9 Handler, an hourly, non-exempt position under the FLSA.

11. Plaintiffs were responsible for their K-9 officers at all times, regardless of whether they were on-duty or off-duty.

12. Plaintiffs housed their K-9 officers at their homes, and were responsible for feeding, exercising, training, and grooming them.

13. Plaintiffs were each responsible for taking their K-9 officers to veterinary visits as needed, shopping for their food and other necessities, and generally caring for their K-9 officers.

14. Plaintiffs spent at least 30-60 minutes of uncompensated time per day performing these tasks, and often spent even more time than that.

15. Plaintiffs' care for and training of their K-9 officers was required by Defendant so that they would be in good health and able to perform the K-9 duties they performed for Defendant.

16. Plaintiffs' care for and training of their K-9 officers necessarily and primarily benefited Defendant and its law enforcement efforts.

17. Plaintiffs' care for and training of their K-9 officers was an integral and indispensable part of Plaintiffs' jobs as K-9 Handlers for the City.

18. When Plaintiffs were employed as K-9 Handlers, they regularly worked in excess of forty hours in one or more workweeks.

19. Plaintiffs were not compensated at a rate of one and one-half times their regular rates of pay while caring for their K-9 officers, in violation of the FLSA.

20. Defendant failed to make, keep, and preserve records of the hours Plaintiffs worked. As a result, Plaintiffs are entitled to submit their own information about the number of hours they worked.

21. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (Overtime Violations)

22. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

23. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rate of pay.

24. Defendant violated the FLSA by having Plaintiffs perform uncompensated work caring for their police dogs.

25. Defendant further violated the FLSA because it failed to account for all hours Plaintiffs worked for the purposes of calculating overtime hours in a workweek.

26. Defendant's practice and policy of not paying Plaintiffs for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all

hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

27. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

28. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

29. As a result of Defendant's practices and policies, Plaintiffs have each been damaged in that they have not received wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

A. Enter judgment against Defendant and in favor of Plaintiffs;

B. Award compensatory damages to Plaintiffs in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

C. Award Plaintiffs pre-judgment and post-judgment interest at the statutory rate; and

D. Award Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher Street N.W., Suite B
North Canton, OH 44720
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*
Shannon M. Draher